DES MOINES IMPROVEMENT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8573. Promulgated June 10, 1927.

INCOME.—Petitioner's contracts for the construction of three apartment buildings provided as a part of the consideration that it should execute and deliver to the contractor three second mortgages of $15,000 each, upon the completion and acceptance of the buildings. Prior to such completion and acceptance, the contractor needed cash and petitioner executed the three second mortgages to be used as collateral. Petitioner and the contractor negotiated as to payment of cash in lieu of the said mortgages, and upon the completion and acceptance of the buildings the contractor accepted $33,200 cash in final settlement in lieu of the three mortgages totaling $45,000. *Held,* the difference, $11,800, was not gain or income, but merely a reduction in the contract price or cost of the buildings to petitioner.

*R. F. Johnson, Esq.,* for the petitioner.
*J. W. Fisher, Esq.,* for the respondent.

This proceeding is for a redetermination of a deficiency in income tax for the year 1923. The Commissioner's deficiency letter, dated September 22, 1925, asserts deficiencies in income tax in the amounts of $154.90 for the calendar year 1920 and $958.33 for the calendar year 1923. Only the year 1923 is involved in this proceeding.

The petitioner alleges that the Commissioner erred in adding to its net income for the year 1923, the amount of $11,800 as " discount on purchase of second mortgage."

FINDINGS OF FACT.

The petitioner is an Iowa corporation with its principal place of business at Des Moines.

108346°—28——21

On June 22, 1922, the petitioner entered into three separate written contracts with the Fleisher Construction Co. (hereinafter referred to as the contractor), each contract providing for the construction of an apartment house in the City of Des Moines, Iowa. The provisions of each of the three contracts were identical, except as to the description of the lands upon which the apartment buildings were to be erected, and among other provisions not material in this proceeding, provided that petitioner pay the contractor $125,000; $10,000 cash, a first mortgage of $100,000 and "upon the completion and acceptance of the building the owner will make to the contractor a second mortgage secured by the leasehold and the rents in the sum of $15,000."

The contractor sold each of the first mortgages in the form of a bond issue of $100,000 to the Iowa Loan and Trust Co., from which the money was drawn as the construction progressed on the three buildings. When the buildings were nearly completed the contractor came to petitioner and asked that the three second mortgages be executed and delivered at that time to enable the contractor to use the said mortgages as collateral to borrow money to finish the buildings. The petitioner at first refused because the buildings had not been completed and accepted as provided by the contracts and at that time the petitioner and the contractor discussed a cash payment by petitioner in lieu of the second mortgages. However, the contractor needed cash immediately to pay its pay roll and current bills, so petitioner executed and delivered on or about March 8, 1923, the three second mortgages of $15,000 each to be used as collateral, although the buildings had not been completed and accepted at that time. The contractor endeavored to sell the three second mortgages, but could find no market for them. The petitioner and the contractor continued their negotiations as to a cash payment in lieu of the mortgages, considering deductions, overcharges, method of payment, etc., and on or about June 8, 1923, when the three buildings, although not completely finished, were accepted by petitioner with the contractor's promise to finish a few small jobs, they agreed orally to modify their written contracts, the contractor was paid and accepted $33,200 cash in final settlement and the three second mortgages totaling $45,000 were returned to the petitioner and canceled.

On its books of account the petitioner treated the second mortgage transactions here involved differently from any prior mortgage account. When the three second mortgages were issued, notations were entered upon the books under the heading "Memorandum Account" and were not reflected in the property accounts nor in the monthly

trial balances, for the transaction had not been closed, the buildings had not been completed and accepted. Upon the acceptance of the buildings and the final settlement and payment under the petitioner's and the contractor's contracts as modified by agreement, the petitioner entered the $33,200 upon its books as a part of the cost of the buildings in the same manner as all other previous cash payments had been entered.

The respondent treated the transactions here involved as a purchase for $33,200 by the petitioner of its three second mortgages or obligations totaling $45,000 at a discount of $11,800 and added the latter amount to petitioner's income for the year 1923.

### OPINION.

TRUSSELL: The respondent has taken the position that petitioner in March, 1923, incurred an indebtedness of $45,000 and that when it satisfied it by the payment of $33,200 in June, 1923, there resulted an income to petitioner in the amount of $11,800. The petitioner's position is that the transaction resulted in no taxable gain or income, but merely reduced the cost of the buildings to petitioner and that the whole transaction was not completed until the acceptance of the buildings by petitioner and the final cash payment was made.

At the hearing on this proceeding respondent laid considerable stress upon the bookkeeping methods of petitioner, and placed three revenue agents on the witness stand, but we are unable to perceive the materiality of mere booking entries in the case at bar.

We feel that it is unnecessary to recite any of the facts in our opinion for they are clear and concise as set out in the findings of fact. The transaction here involved, was one transaction which was not completed until the buildings were completed and accepted by petitioner as provided by the executory contracts and prior to such time the parties by agreement, modified their contracts by reducing the amount petitioner had to pay for the buildings. Instead of paying $45,000 plus interest over a term of years, the petitioner reduced the total cost of its buildings by paying $33,200 cash in June, 1923, and such transaction resulted in no taxable gain nor income to petitioner.

*The deficiency, if any, should be recomputed in accordance with the above findings of fact and opinion. Order of redetermination will be entered on 15 days' notice, pursuant to Rule 50, and judgment will be entered accordingly.*